■ HENDLER & MURRAY, P. C., Appellant-Respondent, v ARTHUR LAMBERT, Respondent-Appellant. (And Another Title.) —In two proceedings pursuant to CPLR 7503 (b) to stay arbitration, petitioners appeal, as limited by their briefs, and Arthur Lambert cross-appeals from stated portions of a judgment of the Supreme Court, Nassau County (Lockman, J.), entered June 29, 1984, which, *inter alia,* denied the application and directed the parties to proceed to arbitration.

Judgment modified, on the law, by adding a provision thereto that Hendler & Murray, P. C. exists as the alter ego of its predecessor partnership and is liable for the debts and

obligations thereof, and (2) by adding to the sixth decretal paragraph thereof a provision that if M. Harworth Hendler fails to appoint an arbitrator, Special Term shall, upon application of one of the parties, select the third arbitrator. As so modified, judgment affirmed, insofar as appealed from, with one bill of costs payable to respondent-appellant by appellants-respondents appearing separately and filing separate briefs. Hendler's time to select an arbitrator is extended until 30 days after service upon him of a copy of the order to be made hereon, with notice of entry.

In the instant proceeding, respondent-appellant Arthur Lambert seeks, *inter alia,* to compel petitioner Hendler & Murray, P. C. to submit to arbitration with respect to his claim for certain payments allegedly due him under a partnership agreement. The law partnership of Hendler & Murray, in which Lambert was a partner, was dissolved in 1981 shortly after Lambert's departure and was reorganized as Hendler & Murray, P. C. Under the Hendler & Murray partnership agreement, Lambert was entitled to a certain percentage of the firm's net profits for a period of 60 months after his withdrawal from the partnership. Within two months of the effective date of Lambert's resignation, the partnership was dissolved and Hendler & Murray, P. C. commenced its operation as a professional corporation. By letter dated December 21, 1981, petitioner Hendler & Murray, P. C. agreed to pay Lambert sums due under the partnership agreement, and, in fact, the record indicates that certain payments were made to Lambert pursuant to that agreement, until at least August of 1983, when the corporation denied any further liability to Lambert. Thereafter, Lambert served on the corporation a demand for arbitration of the controversy. Petitioner Hendler & Murray, P. C. contends that it is not a proper party to the arbitration proceeding demanded because it was not a signatory to the partnership agreement and therefore cannot be liable to Lambert for the payments. Lambert argues that petitioner Hendler & Murray, P. C. is the alter ego and successor in interest to the partnership which obligated itself to him and that the reorganization of the partnership into a professional corporation was cosmetic only, the firm remaining the same except for the addition of the letters "P.C." after the firm name.

The relevant portion of the partnership agreement states with respect to arbitration that: "If at any time during the continuance of the partnership or after the dissolution or termination thereof, any dispute, difference, or question shall

arise between the partners, or their representatives, touching the partnership or the accounts or transactions thereof, or the dissolution or winding up thereof, or the construction, meaning, or effect of this agreement, or anything herein contained, or the rights or liabilities of the partners or their representatives under this agreement or otherwise in relation to the premises, then every dispute, difference or question shall be referred to the arbitration of three disinterested parties, one to be appointed by each of the parties".

Where parties enter into an agreement, and in one of its provisions agree that any dispute arising out of or in connection with it shall be settled by arbitration, any controversy which arises between them within the compass of the provision must proceed to arbitration *(Mendelsohn v A & D Catering Corp.,* 100 AD2d 209, 213). Further, once it appears that there is a reasonable relationship between the subject matter in dispute and the general subject matter of the underlying contract, the court's inquiry with respect to the arbitrability of the dispute is ended *(Matter of Nationwide Gen. Ins. Co. v Investors Ins. Co.,* 37 NY2d 91, 96).

Although petitioner Hendler & Murray, P. C. was not, as such, a signatory to the partnership agreement under which arbitration of the instant dispute is sought, it is virtually identical to the law partnership of the same name which it succeeded. Moreover, the actions of the corporation in agreeing to make, and, in fact, making payments to Lambert pursuant to the partnership agreement indicate that it recognized its obligations thereunder. In *Matter of Reif (Williams Sportswear)* (9 NY2d 387, 393), the Court of Appeals noted that where there has been no change in a company as a result of incorporation, except as to the corporate form itself, "the corporation will be held liable for its predecessor's debts and contract obligations". We hold, therefore, that Hendler & Murray, P. C. exists as the "alter ego" of its predecessor partnership and that it is bound by its predecessor's debts and contractual obligations. Accordingly, petitioner Hendler & Murray, P. C. is a proper party to the arbitration proceeding. Whether or to what extent Hendler & Murray, P. C. is liable to Lambert under the particular circumstances of this case is a question to be settled by arbitration. Moreover, the remaining issues raised in the petitions, i.e., the question whether arbitration has been waived as to certain issues and whether a bona fide dispute exists, are also issues properly referred to arbitration for resolution.

Finally, in order to facilitate the prompt resolution of the

instant dispute and avoid deadlock, the judgment of Special Term should be modified so as to provide that in the event M. Harworth Hendler fails to exercise his opportunity to appoint an arbitrator within 30 days after service upon him of a copy of the order to be made hereon, with notice of entry, Special Term shall, upon application of one of the parties, appoint a third arbitrator. Mollen, P. J., Gibbons, Rubin and Kooper, JJ., concur.